UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHERAKEI GRIFFIN,
*by next of kin, next of friend I. Griffin,*

        Petitioner,

    v.                                              Case No. 21-cv-722-pp

MOHAMMAD SHOIAB,

        Respondent.

---

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. §2241, DISMISSING CASE WITH PREJDUICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

This is the second of two *habeas* petitions that "I. Griffin"—also known as Inez Griffin,[1] Ieshuh Griffin[2] and Isis Ariel Magdalah[3]—filed on behalf of Cherakei Griffin in June of 2021. On June 14, 2021, the petitioner filed this petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. The petitioner paid the $5 filing fee. This order screens the petition, denies it and dismisses the case.

**I.    Background**

The petition lists "United States ex rel Cherakei Griffin by next of kin, next of friend I. Griffin" as the petitioner. Dkt. No. 1 at 1. The petition states

---

[1] See Griffin v. West Allis Police Department *et al.*, Case No. 21-cv-686 (E.D. Wis.), Dkt. No. 1-1 at 8.
[2] See Griffin *et al.* v. Zientek *et al.*, Case No. 15-cv-1462-RTR (E.D. Wis.)
[3] See Griffin *et al.* v. State of Wisconsin *et al.*, Case No. 06-cv-203-RTR (E.D. Wis.).

that I. Griffin is the biological mother of Cherakei Griffin. Id. at 5. According to the petition,

> Cherakei Griffin is in imminent physical danger. After telling her mother on the phone she had been raped while in custody all her phone communication had been cut off. Cherakei Griffin from June 2, 2021 through June 9, 2021 was heavily medicated by force with powerful injections as well as oral medications known to cause severe irreversible damage and possible death. Cherakei Griffin was being forcefully injected with medication that has devastating side effects, kept in extreme isolated conditions and was forced to sign releases all while heavily medicated.
>
> Cherakei Griffin was put on a 72 hour hold by West Allice police after she was able to escape her kidnappers. At no time prior to being put on a 72 hour hold was Cherakei Griffin accused of committing a crime, in fact Cherakei Griffin is the victim. The 72 hour hold expired on Friday June 5, 2021, yet the West Allice police transported Cherakei Griffin to the respondent.

Id. at 2. Ms. Griffin states that "[t]he respondent as well as West Allis Memorial Hospital have done extensive forceful injections onto Cherakei and a forced lumbar puncture." Id.

The petition lists five grounds for relief: (1) false imprisonment, (2) "[v]iolations of the Rights of Institutionalized Persons Act," (3) "fraud and complete absence of jurisdiction," (4) "Cherakei is factually and actually innocent," and (5) the respondent lacks personal and subject matter jurisdiction over the petitioner. Id. at 11-14.

## II. Rule 4 Screening

### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to a petition for a writ of

2

*habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

A court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of the petitioner's claims. The court considers only whether the petitioner has stated cognizable grounds for federal habeas relief and whether the petitioner has exhausted state court remedies.

B.  Facts

The court cannot determine from the complaint what Griffin alleges took place. Without ever explaining who the respondent is, Griffin suggests that the

respondent "allow[ed] Cherakei Griffin to be abused in an effort to FORCE a settlement." Dkt. No. 1 at 3. She says the respondent falsely imprisoned Cherakei Griffin, and that Cherakei Griffin's detainer constitutes cruel and unusual punishment. Id. Ms. Griffin argues there was never a basis for the respondent to hold Cherakei Griffin. Id. at 3-4. She contends that "Cherakei Griffin was victimized and held against her will for several days by estranged family members whom she finally escaped and tried to enlist the help of nearby police." Id. at 4. Ms. Griffin says that "[o]n June 2, 2021, Cherakei Griffin was able to escape those who held her against her will" and "tried to seek police help, yet the West Allis Police literally choked Cherakei Griffin, used extreme excessive force and placed Cherakei Griffin on a 72 hour medical hold at the West Allis Memorial Hospital." Id. She says that "[o]n June 5, 2021, the West Allis Police transported Cherakei Griffin to the respondent." Id. According to Ms. Griffin, "Cherakei Griffin repeatedly asked to leave, and repeatedly stated she did not want to take any medication. The respondent ignored Cherakei Griffin's request to leave and engaged in serious statutory and constitutional violations, including forcefully medicating Cherakei Griffin." Id.

> Ms. Griffin asserts that
>
> [o]n June 7, 2021, Cherakei Griffin on a phone call with her mother and whispered she had been raped, after telling her Mother this staff took the phone out of Cherakei Griffin hand and Cherakei Griffin can be heard yelling, "Mama they forcing injects in me, Mama". Cherakei Griffin could not make or receive phone calls, was denied visits, a television a radio, and basic rights as secured by the United States Constitution.

Id.

4

Ms. Griffin alleges that "Cherakei Griffin was arrested without an arrest warrant on a geographical land mass in which is not under the territorial ownership of the respondent in this action. The respondent did so knowing the petitioner was being held against her will and repeatedly requested to be allowed to leave." Id. at 7. She argues the respondent "is acting under color of authority continue [sic] to deprived [sic] Cherakei Griffin of federal constitutional rights as well as freedom from arbitrary detention." Id. at 10.

Ms. Griffin explains that she is not an attorney. Id. at 15.

C. Analysis

    1. *I. Griffin's Standing to File the Petition*

        a. "Next Friend"

Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Under Federal Rule of Civil Procedure 17(c)(1), a minor can sue through a general guardian, a committee, a conservator or a like fiduciary. Fed. R. Civ. P. 17(c)(1)(A)-(D). Minors without such representatives "may sue by a next friend or by a guardian ad litem." Id. at (c)(2).

In *habeas* litigation, "next friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). "Next friend" standing "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. at 163. For "next friend" standing to apply, "[t]he burden is on 'the next friend'

5

clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." Id. at 164 (citing Smith by & through Mo. Pub. Def. Comm'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir. 1987)). That burden requires a putative "next friend" to show (1) "an adequate explanation— such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," id. at 163 (citing Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989)); and (2) that the "next friend" is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate." Id. (citing Morris v. United States, 399 F. Supp. 720, 722 (E.D. Va. 1975)); see also Bria Health Serv's, LLC v. Eagleson, 950 F.3d 378, 384 (7th Cir. 2020). "[I]t has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." Id. at 163-64 (citing Davis v. Austin, 492 F. Supp. 273, 275-76 (N.D. Ga. 1980)). "These limitations on the 'next friend' doctrine are driven by the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves as next friends.'" Id. at 164 (quoting United States *ex rel.* Bryant v. Houston, 273 F. 915, 916 (2d Cir. 1921)).

One cannot file a *habeas* petition on behalf of a detainee if that detainee could file the petition; a "next-friend applicant, among other things, must therefore explain why the detainee did not sign and verify the petition." Lane, 870 F.3d at 1253 (citing Weber v. Garza, 570 F.2d 511, 513 (5th Cir. 1978)).

6

Without such an explanation, "the court is without jurisdiction to consider the petition." Id. (citing Weber, 570 F.2d at 513).

Ms. Griffin has alleged that she is Cherakei Griffin's mother. Taking that allegation as true, Ms. Griffin has established that she has a significant relationship with Cherakei Griffin. The court can infer from the facts in the petition that the reason Cherakei Griffin could not file the petition on her own behalf is because she was in some form of custody. Construing the allegations in the petition in the light most favorable to the petitioner, the court will assume that Ms. Griffin is qualified to act as Cherakei Griffin's next friend.

### b. *Pro Se* Status

While a parent may sue on behalf of a child as a guardian under Rule 17(c), a parent who is not an attorney cannot do so without counsel. Amaya v. Pitner, 130 F. App'x. 25, 27 (7th Cir. 2005) (citing Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001)). "Normally, representative parties such as next friends may not conduct litigation pro se; pleadings may be brought before the court only by parties or their attorney." Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) (citing 28 U.S.C. §1654; Fed. R. Civ. P. 11(a); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir. 1986)).

Ms. Griffin filed this petition *pro se*—without counsel. She has affirmatively stated that she is not an attorney. She cannot conduct this litigation on behalf of Cherakei Griffin; she must have an attorney to prosecute a *habeas* petition on behalf of her child.

### 2. *Abstention Doctrine*

Even if a lawyer had filed the petition on Ms. Griffin's (and Cherakei Griffin's) behalf, it appears from the limited facts that the court would be required to dismiss the petition. Ms. Griffin implies that the respondent unconstitutionally detained Cherakei Griffin. This raises two possibilities, neither of which are clear from the petition. First, Griffin says "Cherakei Griffin was arrested without an arrest warrant." Dkt. No. 1 at 7. This raises the possibility that Cherakei Griffin is being detained in the criminal justice system. If Cherakei Griffin is in custody[4] on criminal charges, she may challenge what happened—and may seek release through bond of acquittal—in state court.

The doctrine of Younger abstention limits this federal court's ability to interfere with ongoing state-court criminal proceedings absent special circumstances. See, *e.g.*, O'Malley, 352 F. App'x at 94 (citing Younger, 401 U.S. at 43-45). Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Generally, relief is available only after the petitioner has exhausted state-court remedies. Olsson v. Curran, 328 F. App'x. 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding

---

[4] I. Griffin filed the petition on June 3, 2021. While the court regrets that its heavy case load prevented it from screening the petition sooner, it notes that I. Griffin has not contacted the court or filed anything further since the date on which she filed the petition. Cherakei Griffin might not currently be in custody. In that case, this §2241 petition would be moot.

brought lawfully and in good faith.'" Younger, 401 U.S. at 49 (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)). Ms. Griffin did not include a state court case number, so the court cannot determine whether Cherakei Griffin currently is subject to ongoing state-court criminal proceedings. If she is, she has what the United States Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123, . . . and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely u[p]on his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court could not interfere with those ongoing state criminal proceedings.

Ms. Griffin has not cited extraordinary circumstances. She asserts that "[t]he petitioner has no adequate or available remedies available [sic]." Dkt. No. 1 at 9. She does not explain why Cherakei Griffin cannot file a motion to quash her arrest, challenge the sufficiency of any evidence against her by having a jury trial or seek release from custody from a state-court judge. The *habeas* petition also is premature if Cherakei Griffin is subject to ongoing state-court criminal proceedings. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting

9

the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). Ms. Griffin has not explained whether Cherakei Griffin is subject to ongoing state-court criminal proceedings, whether she has had her constitutional claims determined by the trial court, whether she has presented her claims to the court of appeals or sought review of the court of appeals' decision in the Wisconsin Supreme Court. Without that information, the court cannot determine whether she has exhausted her state-court remedies. She contends that "[t]he allegation of fraud supersedes procedural rules and overrides any allege [sic] exhaustion requirements." Dkt. No. 1 at 10. Ms. Griffin does not provide, and this court is not aware of, any authority supporting that contention.

Ms. Griffin seeks relief for Cherakei Griffin under 28 U.S.C. §2241. Dkt. No. 1. While §2241 is the appropriate statute for a pretrial detainee to use to challenge the *fact* of her confinement, see Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015), it is not the appropriate statute for her to use to challenge the *conditions* of her confinement (Ms. Griffin alleges that Cherakei Griffin's confinement constitutes cruel and unusual punishment). See Debruzzi v. Williams, Nos. 3:20-cv-00596-SMY, 3:20-cv-00783-SMY, 2020 WL 5110714, at *2 (S.D. Ill. Aug. 31, 2020) (citing Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994); Glaus v. Anderson, 408 F.3d 382, 386-87 (7th Cir. 2005)). An incarcerated person who wishes to challenge the conditions of confinement must file a lawsuit under 42

10

U.S.C. §1983. Id. (citing Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999)).

The second possibility is that Cherakei Griffin is being held in a psychiatric institution for medical treatment. The procedure for involuntary commitment for treatment in Wisconsin is prescribed in Wis. Stat. §51.20. Cherakei Griffin may challenge any involuntary civil commitment by following the procedures in that statute. If she has exhausted those procedures, she may be able to seek federal *habeas* relief, but the petition contains no indication that she has done so (or even explain whether she is being held on an involuntary civil commitment).

### 3. *Failure to State a Claim*

Finally, as the court has explained, Ms. Griffin has not alleged facts sufficient to state a claim upon which a federal court may grant relief. Most of her allegations relate to conditions of Cherakei Griffin's confinement. She says that the respondent committed fraud, but does not identify any action she believes was fraudulent. She says that Cherakei Griffin is innocent but does not explain what Cherakei Griffin stands accused of. She states that the respondent "is acting on wrongful information" without explaining what that information is or what action the respondent took on the basis of that information. The factual allegations are too vague to allow this court to determine what Ms. Griffin alleges the respondent has done to Cherakei Griffin, or even who the respondent is.

The court must dismiss the petition.

11

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petition does not warrant habeas relief under 28 U.S.C.§ 2241.

### IV. Conclusion

The court **DISMISSES** the petition for writ of habeas corpus under 28 U.S.C. §2241. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 11th day of July, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**