UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHERAKEI GRIFFIN
*by next of kin, next of friend I. Griffin,*

           Petitioner,

                                  Case No. 21-cv-722-pp

  v.

MOHAMMAD SHOIAB,

           Respondent.

---

**ORDER CONSTRUING PETITIONER'S OBJECTION TO ORDER
DISMISSING CASE AS MOTION FOR RELIEF FROM JUDGMENT UNDER
FED. R. CIV. P. 60(b) AND DENYING MOTION (DKT. NO. 4)**

---

On July 11, 2022, the court screened the petition for writ of *habeas corpus* under 28 U.S.C. §2241, denied it and dismissed the case and entered judgment. Dkt. Nos. 2, 3. On August 12, 2022, the court received from the petitioner a document titled "Petitioner's Objection to July 11, 2022 Void Order/Request for Vacating Void Order Dated July 11, 2022." Dkt. No. 4. The court construes this document as a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b) and denies the motion.

**I.    Background**

On June 14, 2021, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 Dkt. No. 1. The petition named "United States ex rel Cherakei Griffin by next of kin, next of friend I. Griffin" as the petitioner, id. at 1, and stated that I. Griffin is the biological mother of Cherakei Griffin, id. at 5.

1

The petition stated that Cherakei Griffin was "in imminent physical danger" while in custody and listed five grounds for relief: (1) false imprisonment, (2) "[v]iolations of the Rights of Institutionalized Persons Act," (3) "fraud and complete absence of jurisdiction," (4) "Cherakei is factually and actually innocent," and (5) the respondent lacks personal and subject matter jurisdiction over the petitioner. Id. at 2, 11-14.

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court screened the petition under the Rule 4 of the Rules Governing Section 2254 cases to determine whether the petition stated cognizable grounds for federal *habeas* relief and whether the petitioner had exhausted state court remedies. Id. at 2-3.

The court began its analysis by addressing the petitioner's standing to file the petition as a "next friend." Id. at 5-6. The court found that the petitioner, as Cherakei Griffin's mother, had established that she had a significant relationship with Cherakei Griffin. Id. at 7. The court explained that it could infer from the facts in the petition that Cherakei Griffin could not file the petition on her own behalf because she was in some form of custody. Id. The court allowed the petitioner to proceed as Cherakei Griffin's next friend. Id.

The court next analyzed the petitioner's *pro se* status. Id. The court explained that while under Federal Rule of Civil Procedure 17(c), a parent may sue on behalf of a child as a guardian, "a parent who is not an attorney cannot do so without counsel." Id. (citing Amaya v. Pitner, 130 F. App'x 25, 27 (7th Cir. 2005)). Observing that the petitioner had filed the petition without counsel

and that the petitioner was not an attorney, the court concluded that she could not pursue this case on behalf of Cherakei Griffin without an attorney. Id.

The court determined that even if an attorney had filed the petition, the court would have dismissed the case under the Younger abstention doctrine. Id. at 8. The court explained that under that doctrine, the court could interfere with ongoing state court criminal proceedings only upon a showing of exceptional circumstances "where the danger of irreparable loss is both great and immediate." Id. at 8-9 (quoting Younger v. Harris, 401 U.S. 37, 45 (1971)). The court determined that the petitioner had not shown "extraordinary circumstances" to justify the court's interference with ongoing state criminal proceedings. Id. at 9. The court reasoned that the petitioner had not explained why Cherakei Griffin could not file a motion to quash her arrest, challenge the sufficiency of any evidence against her by having a jury trial or seek release from custody from a state court judge. Id. at 9. The court also noted that the petition would be premature if Cherakei Griffin remained subject to ongoing state court criminal proceedings (information the petition had not disclosed). Id. at 9-10.

Noting the petitioner's allegations that Cherakei Griffin's confinement constituted cruel and unusual punishment, the court explained that 28 U.S.C. §2241 allows a pretrial detainee to challenge "the *fact* of her confinement," not "the *conditions* of her confinement." Id. at 10. The court explained that an incarcerated person seeking to challenge the conditions of her confinement should file a lawsuit under 42 U.S.C. §1983. Id. at 10-11. The court also noted

3

that if Cherakei Griffin was being held in a psychiatric institution for medical treatment, she could challenge any involuntary civil commitment by following the procedures prescribed in Wis. Stat. §51.20 and then seek federal *habeas* relief if she exhausted those procedures. Id.

Finally, the court concluded that the petition did not allege facts sufficient to state a claim upon which federal court could grant relief. Id. at 11. The court explained that the factual allegations in the petition were too vague to allow the court to determine what the respondent allegedly had done to Cherakei Griffin, or even the identity of the respondent. Id. In dismissing the petition, the court declined to issue a certificate appealability. Id. at 12.

On August 12, 2022, the court received the petitioner's objection. Dkt. No. 4. The objection indicates that the petitioner is moving under Fed. R. Civ. P. 60(b) for relief from the final judgment and the July 11, 2022 order. Id. at 1. The court will treat the objection as a Rule 60(b) motion for relief from a final judgment.

## II. Legal Standard

Rule 60(b) allows a court to grant relief from judgment for six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

4

A person seeking relief under Rules 60(b)(4) or (5) must file the motion within a "reasonable amount of time" after final order and judgment. Fed. R. Civ. P. 60(c)(1). If the person is seeking relief under Rule 60(b)(1), (2) or (3), the person must file the motion "no more than a year after the entry of the judgment or order or the date of the proceeding." The court concludes that the petitioner timely filed the motion.

### III. Analysis

The petitioner states that she is moving under Rules 60(b)(1), 60(b)(4) and 60(b)(6). The petitioner makes many arguments but does not explain which arguments relate to which provisions of Rule 60(b). Regardless, the petitioner has not shown that she is entitled to relief under Rule 60(b)(1), 60(b)(4), or 60(b)(6).

Rule 60(b)(1) allows the court to relieve a party from a final judgment or order based on mistake, inadvertence, surprise or excusable neglect. "'Rule 60(b)(1) covers all mistakes of law made by a judge.'" Blitch v. United States, 39 F.4th 827, 834 (7th Cir. 2022) (quoting Kemp v. United States, 142 S. Ct. 1856, 1862 (2022)). The petitioner argues that the opinions in the order constituted "surprise" and "a clear miscarriage of justice, prejudicial to the rights of the petitioner and the proper administration of justice." Dkt. No. 4 at 1. In support of this general assertion, the petitioner makes several specific arguments.

First, the petitioner argues that "[t]he right to be heard does not depend upon an advance showing that one will prevail at a hearing." Id. at 2 (quoting

5

Fuentes v. Shevin, 407 U.S. 67 (1972)). But Rule 4 of the Rules Governing Section 2254 Cases, which applies to §2241 petitions, *requires* a court to screen a *habeas* petition to determine whether the petition raises grounds generally cognizable on federal *habeas* review. The court was required to screen the petition and determine whether it stated a ground for relief cognizable on federal *habeas* review before ordering the respondent to respond. When the court determined that the petitioner had failed to state any ground cognizable on federal *habeas* review, the court dismissed the petition.

The petitioner also argues that the court's July 11, 2022 order "impermissibly looked outside of the pleadings." Dkt. No. 4 at 3. She refers to the fact that the order states that the petitioner is known by several different names, but protests that the court did not "put any evidence as it relates on the record" of testimony to support that statement. Id. at 2. She asserts that this shows that the court had it in for her (citing McLaughlin v. Union Oil Co., 869 F.2d 1039 (7th Cir. 1989). Id. at 3. The court is aware that the petitioner has used different names because she has filed at least nine cases in the Eastern District of Wisconsin. Perhaps more to the point, the court did not dismiss the petition because the petitioner has used different names (or different forms of her name).

The petitioner asserts, more than once, that it took the court a year to screen the petition. Dkt. No. 4 at 2-4. She is correct, and the court regrets that delay, particularly given that Rule 4 requires a court to "promptly" examine the

6

petition. This court certainly was not "prompt" in screening the petition. But that delay is not a basis for relief under Rule 60(b).

The petitioner disputes the court's conclusion that it was necessary for an attorney to file the petition on behalf of Cherakei Griffin. Dkt. No. 4 at 5. The petitioner argues that the court provided no law to support this conclusion. Id. To the contrary, the court's order cited Seventh Circuit case law explaining that "[w]hile a parent may sue on behalf of a child as a guardian under Rule 17(c), a parent who is not an attorney cannot do so without counsel." Dkt. No. 3 at 7 (citing Amaya v. Pitner, 130 F. App'x 25, 27 (7th Cir. 2005)). The court also cited Seventh Circuit case law explaining that "representative parties such as next friends may not conduct litigation pro se; pleadings may be brought before the court only by parties or their attorney." Id. (quoting Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010)). The petitioner has not presented any contrary case law indicating that the court made a mistake of law in determining that only an attorney could file a pleading on behalf of Cherakei Griffin.

The petitioner argues that the court failed to comply with the Federal Rules of Civil Procedure. Dkt. No. 4 at 5. The petitioner has not identified a Rule of Civil Procedure that the court allegedly violated. In arguing that the court violated her due process rights, the petitioner asserts that "[p]ursuant to the Due Process Clause of the United states a district court does not have the ability to dismiss a habeas corpus sua sponte as a initial matter, without FIRST giving the petitioner notice and an adequate opportunity to be heard."

7

Id. at 4. She cites Lisenba v. California, 314 U.S. 219 (1941), but that decision says nothing about a *habeas* petitioner having a due process right to a hearing. Rule 4 of the Rule Governing Section 2254 and Section 2255 Proceedings, however, states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition and direct the clerk to notify the petitioner." (Emphasis added.) Rule 8 allows a court to hold an evidentiary hearing if it does not dismiss the petition and if, after reviewing the answer and other materials from the state court record, it determines that such a hearing is warranted. This court dismissed the petition under Rule 4; no hearing was warranted or required.

The petitioner takes issue with the fact that at pages 8-11 of its order, the court speculated that perhaps Cherakei Griffin was in custody for a criminal charge, or perhaps she was being held in a psychiatric facility involuntarily. Dkt. No. 4 at 6 ("On page 8 through 11 of the judge's 'order' the judge again impermissibly makes decisions based upon 'conjecture', 'speculation' and by 'creating scenarios' and pondering thoughts 'outside' of the record."). She asserts that this amounts to the court issuing an advisory opinion. Id. The petition stated that Cherakei Griffin was being detained but did not explain why. The court considered the two possible reasons a person might be detained against their will, given that the petition asserted that Cherakei Griffin had been forcibly medicated and that she had been held by police. It addressed both possible reasons. Those were that Cherakei Griffin

8

was in custody based on pending criminal charges or that she was being involuntarily held in a medical facility for treatment. The court's attempts to address both possibilities are not a basis for Rule 60(b) relief. (The petitioner states in the motion that "[t]here were no valid state proceedings and no state proceeding can interfere with an application for a Writ of Habeas Corpus," dkt. no. 4 at 6; she still does not explain *who* was holding Cherakei Griffin in custody or why. Those facts matter because different legal standards apply to cases where someone is being held on criminal charges or after having been convicted versus someone being held for involuntary medical treatment.)

Rule 60(b)(4) allows the court to relieve a party from a final judgment if the judgment is void. The petitioner asserts that the July 11, 2022 order is "void ab initio" because "[t]he petition is properly cognizable under 2241 and presents substantial grounds for the relief requested therein." Id. at 2. The court understands that the petitioner disagrees with the court's ruling, but that does not render the court's order "void ab initio." A judgment that is "void ab initio" is a nullity from its inception. The petitioner argues that the order was null from inception because this court did not have the lawful authority to issue it. Id. at 2. The undersigned is a duly nominated, confirmed and commissioned United States district judge with the legal authority to decide cases filed in federal court.

The petitioner takes issue with the court screening the §2241 petition under the Rules Governing Section 2254 Cases. Id. at 3. But that is the procedure required by the Rules Governing Section 2254 Cases and the

9

Eastern District of Wisconsin's Local Rules. As the court explained in the July 11, 2022 order, under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 3 at 2-3. The court it was *required* to screen the §2241 petition as it did.

The petitioner's argument that the court lacked the authority to deny a certificate of appealability lacks merit for the same reason. The petitioner argues this court did not have the authority to deny a certificate of appealability because the requirement for a certificate of appealability does not apply to a §2241 petition. Id. at 2 (citing Hanks v. Finfrock, 531 U.S. 1029 (2000))[1]. But Rule 11(a) of the Rules Governing Section 2254 Cases, which the court applies to §2241 cases, requires the court to consider whether to issue a certificate of appealability. In denying the certificate of appealability, the court was simply following the rules proscribed to the district court's review of *habeas* petitions.

Finally, the petitioner cites the catch-all provision of Rule 60(b)(6). "Relief under Rule 60(b)(6) requires a showing of 'extraordinary circumstances' justifying the reopening of a final judgment'." Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006) (quoting Gonzalez v. Crosby, 125 S. Ct. 2641, 2649

---

[1] This is a two-sentence memorandum decision granting a respondent's motion for leave to proceed *in forma pauperis* and denying a petition for a writ of *certiorari.*

(2005)). The Supreme Court has warned that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez, 125 S Ct. at 2649. The petitioner has identified no "extraordinary circumstances" that justify the court granting relief from its order dismissing the petition. The petitioner is not entitled to relief under Rule 60(b)(6).

**IV. Conclusion**

The court **CONSTRUES** the petitioner's objection to the July 11, 2022 order dismissing the case and the request to vacate the order as a motion for reconsideration under Fed. R. Civ. P. 60(b) and **DENIES** the motion. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 10th day of November, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**